CHARLES PERLEY *versus* ABRAHAM BALCH.

The purchaser of a chattel cannot rescind the sale without returning it to the vendor, unless it be entirely worthless to both parties ; if it be of any value to the vendor, or if its loss would be any injury to him, it must be returned.

If the purchaser of a chattel give his note for the price, he may avail himself of a partial failure of consideration, or of deception in the quality or value of the chattel, or of a breach of warranty, to reduce the damages, in an action brought by the vendor upon such note ; and he is not obliged to resort to a separate action for the deceit or upon the warranty.

ASSUMPSIT on a promissory note. At the trial in the Court of Common Pleas, before *Williams* J., the defendant introduced evidence tending to prove, that the consideration of the

Margin note: Gray *v.* Bowden.

Perley
v.
Ba..ch

note was the sale of an ox by the plaintiff to the defendant, with a warranty, that the ox would fatten as well as any one the defendant then had ; that one eye of the ox, which was then apparently defective and diseased, was falsely and fraudulently represented by the plaintiff to have been hooked out, whereas, in fact, it had been destroyed by a cancer ; and that this disease was incurable, and rendered the ox incapable of being fattened and entirely worthless for any other purpose.

It did not appear, that the defendant had returned or offered to return the ox to the plaintiff, or had ever notified to the plaintiff, that he was dissatisfied with the contract, until after the commencement of this action, which was several years after the sale. The defendant kept the ox in his pasture, &c. for several months, and was at some trouble to ascertain whether it would answer his purpose. It did not appear what became of the ox afterwards.

The defendant also offered evidence tending to show, that he purchased the ox for the sole purpose of fattening it, and that this was known to the plaintiff at the time of the sale ; and he contended, that, upon these facts, there was an implied warranty on the part of the plaintiff, that the ox should be reasonably fit for that purpose.

The judge instructed the jury, that no such implied warranty arose from these facts ; that if they were satisfied that the plaintiff warranted, that the ox would fatten as well as any one which the defendant then had, and that the warranty was false, or if they were satisfied, that the plaintiff falsely and fraudulently represented the eye of the ox to have been hooked out, whereby the defendant was induced to purchase it, and if they were further satisfied, that the ox, if it had been returned to the plaintiff in a reasonable time, would have been of no pecuniary value to him, the defendant would be entitled to a verdict ; but that, otherwise, their verdict should be for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant excepted to the instructions to the jury.

Nov. 6th.    Perkins, for the defendant, to the point, that if the ox was of no value to the defendant, he might resist payment of the

note without returning the ox, *although it might be of value to the plaintiff*, the defendant not being bound, in such case, to subject himself to any trouble or expense in restoring the ox to the plaintiff, cited *Bliss* v. *Negus*, 8 Mass. R. 46 ; *Dickinson* v. *Hall*, 14 Pick. 220 ; *Shepherd* v. *Temple*, 3 N. Hamp. R. 455 ; and that the jury should have been instructed, that if the ox was of less value than it was represented to be, the damages should be reduced accordingly, *Dodge* v. *Tileston*, 12 Pick. 328 ; Bayley on Bills, (2d Amer. ed.) 531 ; Chitty on Contr. (4th Amer. ed.) 574.

*Lord*, for the plaintiff, to the point, that if the ox was of any value to the plaintiff, the defendant could not rescind the sale, and resist payment of the note, unless he restored the ox to him, in as good condition as when he received it, cited *Kimball* v. *Cunningham*, 4 Mass. R. 502 ; *Conner* v. *Henderson*, 15 Mass. R. 319.

MORTON J. afterward drew up the opinion of the Court. The instruction, that there was no implied warranty, is not now complained of, and is undoubtedly correct.  See *Emerson* v. *Brigham*, 10 Mass. R. 197 ; *Shepherd* v. *Temple*, 3 N. Hamp. R. 455.  Every sale of chattels contains an implied warranty, that the property of them is in the vendor.  But it is well settled by authority as a general rule, that no warranty of the quality, is implied from the sale.  The maxim, *caveat emptor*, governs. 2 Kent's Com. 478 ; Chitty on Contr. 133 ; *Champion* v. *Short*, 1 Campb. 53 ; *Bragg* v. *Cole*, 6 Moore, 114 ; *Stuart* v. *Wilkins*, 1 Doug. 20 ; *Parkinson* v. *Lee*, 2 East, 314 ; *Mockbee* v. *Gardner*, 2 Har. & Gill, 176.

But the learned justice of the Common Pleas further instructed the jury, that if there was a fraud in the sale, or an express warranty and a breach of it, in either case, the defendant might avoid the contract, by returning the ox within a reasonable time ; or, if the ox would have been of no value to the plaintiff, then without returning him.  Whether the jury found their verdict upon the ground, that no fraud or express warranty was proved, or that the ox was of no value, does not appear.  If therefore any part of the instructions was incorrect, the defendant is entitled to a new trial.

Where the purchaser is induced by the fraudulent misrepre-

sentations of the seller, to make the purchase, he may, within a reasonable time, by restoring the seller to the situation he was in before the sale, rescind the contract, and recover back the consideration paid, or, if he has given a note, resist the payment of it.  Here was no return of the property purchased; but if that property was of no value, whether there was any fraud or not, the note would be *nudum pactum*.  The defendant's counsel, not controverting the general rule, objects to the qualification of it.  He says, that the ox, though valueless to the defendant, might be of value to the plaintiff, and so the defendant would be bound by his contract, although he acquired nothing by it.  But a damage to the promisee is as good a consideration as a benefit to the promisor.  If a chattel be of no value to any one, it cannot be the basis of a bargain ; but if it be of any value to either party, it may be a good consideration for a promise.  If it is beneficial to the purchaser, he certainly ought to pay for it.  If it be a loss to the seller, he is entitled to remuneration for his loss.

But it is apparent, that a want of consideration was not the principal ground of defence.  The defendant mainly relied upon fraud or a warranty.  And to render either available to avoid the note, it was indispensable, that the property should be returned.  He cannot rescind the contract, and yet retain any portion of the consideration.  The only exception is; where the property is entirely worthless to both parties.  In such case the return would be a useless ceremony, which the law never requires.  The purchaser cannot derive any benefit from the purchase and yet rescind the contract.  It must be nullified *in toto*, or not at all.  It cannot be enforced in part and rescinded in part.  And, if the property would be of any benefit to the seller, he is equally bound to return it.  He who would rescind a contract, must put the other party in as good a situation as he was before ; otherwise he cannot do it.  Chitty on Contr. 276 ; *Hunt* v. *Silk*, 5 East, 449 ; *Conner* v. *Henderson*, 15 Mass. R. 314.

The facts relied upon by the defendant to defeat the note, might, if proved, be used in mitigation of damages.  If there was a partial failure of consideration, or deception in the quality and value of it, or a breach of warranty, the defendant

may avail himself of it to reduce the damages to the worth of the chattels sold, and need not resort to an action for deceit, or upon the warranty. Chitty on Contr. 140 ; *Germaine* v. *Burton*, 3 Stark. R. 32 ; *Barton* v. *Butler*, 7 East, 480 ; *Poulton* v. *Lattimore*, 9 Barn. & Cressw. 259 ; Bayley on Bills, (2d Amer. ed.) 531, and cases cited. But he is not bound to do this. He may prefer to bring a separate action, and he has an election to do so. The present judgment will not bar such an action. But however this may be, it does not appear, that any instructions were given or refused upon this point. The value of the property to the defendant would have been the true rule of damages. And had he desired it, doubtless, such instructions would have been given. But as he did not request them, he cannot complain of their omission.

*Judgment of the Court of Common Pleas affirmed.*